IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIM. NO. 21-00136 HG-01 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OMAR AGOR, JR. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR MISTRIAL (ECF No. 103)**

I.  **BACKGROUND**

   A.  **The First Sealed Hearing Was Held To Question 2 Jurors Regarding Allegations Of Juror Misconduct**

On November 4, 2021, Defendant Omar Agor, Jr. was charged with one count of Theft of Bank Funds in violation of 18 U.S.C. § 656.  (Indictment, ECF No. 1).  The case was assigned to District Judge J. Michael Seabright.

On March 8, 2023, jury selection was held before Judge Seabright.  (ECF No. 84).  12 jurors and 3 alternate jurors were selected.  (Id.)  Jury trial was scheduled for a week later on March 15, 2023.  (Id.)

On March 14, 2023, the day before trial, Judge Seabright tested positive for COVID-19.  (ECF Nos. 91).  The case was reassigned to this Judge with no objection from the Parties. (ECF No. 92).

The following day on March 15, 2023, prior to the start of trial, the Judge was informed by Court staff that a member of the

1

jury pool, Wendy May who was not selected as a juror, had called in. She reported possible juror misconduct during jury selection. Ms. May stated that during jury selection she overheard a man say that he had conducted research into the Defendant. Ms. May reported that the man was selected as one of the jurors.

Ms. May stated that she also heard the man tell a woman in the jury pool that he had conducted research. Ms. May asserted that the woman was selected as an alternate juror. Ms. May reported that neither the selected juror nor the selected alternate juror informed Judge Seabright that they knew about the case or had conducted research about the Defendant.

Prior to the start of trial on March 15, 2023, this Judge, Government counsel, Defense counsel, and the Defendant held a hearing outside the presence of the jury. Ms. May was on hold on the telephone.

The Parties were informed of the report of possible juror misconduct. At 8:23 a.m., the Court closed the Courtroom, and stated as follows:

> The Court: So, what we're going to do, this is how I intend to proceed. First, we're all going to find out from Ms. May what she heard. And I'm going to ask her to tell us. And if you folks have any questions, you can let me know if I haven't answered all their questions. And then we're going to call the person she identified who is juror number 8, that's as I understand it. You know, as I say, I'm – I don't have any better information right now. And we're going to have that person come up and we're

2

> going to inquire as to what was – what was being said about him.
>
> And decide whether we want to keep this juror. And then we will do the same with respect to the person that he was talking to. So, anybody have any questions before we proceed?

Government counsel: No, Your Honor.

Defense counsel:   No, Your Honor.

Ms. May was put on speaker and asked to explain what she heard. The Court conducted the inquiry outside the presence of the jury and the public in order to avoid publicly embarrassing the jurors who were being accused of misconduct.

Neither the Government counsel nor the Defense counsel objected to the manner in which the Court proceeded. No party raised any issues with the Court holding the hearing in a sealed courtroom outside the presence of the other jurors and the public.

The Court also conducted the proceeding in the closed courtroom rather than at sidebar or in Chambers in order to prevent spread of COVID-19. The courthouse had recently had an outbreak with six staff members having tested positive for COVID-19, not including the District Judge previously assigned to the case. This Judge held a five-week trial in November where an attorney and his client tested positive for COVID-19 following a sidebar hearing where the Judge and attorneys were exposed. A one-week continuance mid-trial was necessary in that case. In order to avoid a similar reoccurrence, the Judge implemented

certain protocols to prevent spread of the disease, including ordering the jurors to wear masks throughout the trial.

The Court and the Parties spoke with Ms. May over the telephone for 9 minutes from 8:26a.m. until 8:35a.m.

Juror 8 was then brought up from the jury lounge to the fourth floor courtroom. The Court and the Parties spoke with Juror 8 for four minutes from 8:38a.m. until 8:42a.m. The Court and Parties conferred. At the Parties' request, Juror 8 was excused at 8:45a.m.

After excusing Juror 8, Alternate Juror 3 was brought up to the courtroom. The Court and the Parties spoke with Alternate Juror 3 for four minutes from 8:47a.m. until 8:51a.m. The Court and Parties conferred. Neither Party requested that Alternate Juror 3 be excused. At 8:58a.m., the Court ended the sealed proceedings and opened the courtroom.

The Government counsel, Defense counsel, and Defendant were present throughout the hearing. The proceedings were recorded by a court reporter. The transcript of the proceedings will be made available to the public.

Following the closed hearing, the jurors were brought in for preliminary instructions and opening statements by the Parties.

Defendant did not raise any concerns about the Court's procedures for five days, but on March 20, 2023, filed a Motion for Mistrial. (ECF No. 103).

There is no evidence that any member of the public requested to be present during the March 15, 2023 hearing from 8:23a.m. to

4

8:58a.m.  Defense counsel have not notified the Court that any member of the public or any person related to Defendant reported to them that they wished to be present for the hearing.

> **B.    The Second Hearing Was Held On March 15, 2023, With A Juror Regarding Safety Protocols Related To COVID-19, And It Was <u>Not Sealed</u> And The Public Was Able To Participate**

Also on March 15, 2023, after opening statements were completed, the Court held a second hearing with Alternative Juror No. 3.  The hearing lasted approximately ten minutes from 11:03a.m. to 11:13a.m.  Defendant asserted in his Motion that the hearing was closed to the public.  The Minutes from the hearing incorrectly reflect that the proceedings were sealed.  A review of the transcript demonstrates that the jurors were excused from the courtroom.  The hearing was not closed to the public.

The Court had instructed the jurors on the morning that trial began that they were required to wear masks.  The Court explained to the jurors that they needed to wear masks during trial given the recent outbreak of COVID-19 cases in the courthouse.  The Court observed that Alternative Juror No. 3 was not wearing her mask during opening statements despite the Court's instruction.

Alternate Juror No. 3 was questioned outside of the presence of the other jurors to avoid embarrassment to her.  She explained she did not think she needed to wear a mask but agreed to follow the Court's order.

5

This hearing was not closed to the public and is not relevant for Defendant's Motion for Mistrial.

### C. The Third Hearing Was Held On March 16, 2023 With The Parties And A Witness In A Sealed Proceeding To Discuss A Fifth Amendment Issue

On March 16, 2023, trial resumed for trial day 2.

Jake Torres was an employee of Pacific Courier, Inc. who the Government planned to call as a witness on March 16 or 17. During presentation of the evidence, the Court became concerned about whether Mr. Torres had consulted with counsel prior to the Government calling him as a witness.

Evidence presented at trial demonstrated that Mr. Torres was working along with the Defendant during the time when the theft could have occurred on January 2, 2020.  Testimony and video evidence presented to the jury showed the Defendant and Mr. Torres were alone together when transporting funds between the Kahului Airport and at the Pacific Courier, Inc. office.

On March 16, 2023, the Court excused the jurors for their lunch break and consulted with the Parties in open court.  Mr. Torres was expected to testify either that day or the next day. The Court stated, as follows:

> As you, you know, are probably very aware, I just got this case on Wednesday.  And in reviewing the materials that I reviewed, I did not know the, I guess, the theory of the case completely.  And during the morning, it occurred to me after viewing the video, that there is a question with respect to Mr. Torres.  And I assumed that Mr. Torres would have counsel once I realized that there was a question as to Mr. Torres.

The Court inquired with both the Government counsel and the Defense counsel whether they were aware if Mr. Torres had counsel.  Both Parties represented that they did not know.

The Court believed it was necessary to inquire with Mr. Torres about whether he was represented by counsel before he was called as a witness.  The Court stated:

> So, here's what I propose to do: We are not going to go forward with Mr. Torres, it is necessary, I believe, to find out if Mr. Torres has counsel.  So we're going to bring him in and find out if he has counsel.  If not, I am willing to have somebody from the [Criminal Justice Act Panel], if he doesn't want to get his own counsel, we'll have somebody from the CJA appointed and we'll put him off until tomorrow.

Neither Party objected to the Court's proposal.

Following the lunch break on March 16, 2023, the Court held a sealed proceeding with the Parties, Defendant, and Mr. Torres present.  The proceeding lasted approximately 13 minutes from 1:02p.m. to 1:15p.m.

The Court inquired with Mr. Torres if he had obtained counsel.  Mr. Torres stated that he had not.  The Court informed Mr. Torres that he had the opportunity to retain his own counsel or he could seek appointment of counsel from a member of the Criminal Justice Act Panel.  The Court provided Mr. Torres with a financial affidavit to fill out if he was seeking CJA counsel.  The Court instructed Mr. Torres to inform the Court by 12 noon the next day whether he retained his own attorney or whether he would like appointment of counsel.  The Court ordered Mr. Torres to return for trial on Tuesday, March 21, 2023.

7

Again, the Defendant did not raise any concerns about the Court's procedures until four days later on March 20, 2023, when he filed a Motion for Mistrial (ECF No. 103).

There is no evidence that any member of the public requested to be present during the inquiry regarding Mr. Torres and his representation by counsel.

## STANDARD OF REVIEW

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...."  U.S. Const. amend. VI.

The Sixth Amendment requirement of a public trial is for the benefit of the accused.  Waller v. Georgia, 467 U.S. 39, 46 (1984).  The right to a public trial is not absolute.  United States v. Sherlock, 962 F.2d 1349, 1356 (9th Cir. 1989); United States v. Babichenko, 508 F.Supp.3d 774, 777 (D. Idaho 2020); see also Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty., 457 U.S. 596, 606 (1982).

The right to a public trial can be waived if not asserted in a timely fashion.  United States v. Cazares, 788 F.3d 956, 970-71 (9th Cir. 2015).

## ANALYSIS

On March 15 and 16, 2023, the Court held two sealed hearings outside the presence of the public.  The hearings concerned

8

matters that the Court would normally conduct outside the hearing of the public.  The hearings concerned trivial matters that did not affect Defendant's Sixth Amendment Right to a public trial.

The sealed hearing on March 15, 2023 was held to avoid publicly embarrassing the jurors accused of misconduct.  The sealed hearing on March 16, 2023 was held to inquire with a witness about his Fifth Amendment rights.  Defendant Agor and his counsel were present for each of the hearings.  The hearings were recorded by a court reporter.  The transcripts of the proceedings will be made available to the public.

## I. Defendant Waived Any Objection To The Court's Procedures For Conducting The Hearings on March 15 and 16, 2023

The public trial right is waived if not asserted in a timely fashion.  United States v. Rivera, 682 F.3d 1223, 1232 (9th Cir. 2012).

Here, Defense counsel actively participated in the hearings.  Defense counsel questioned the jurors on March 15, 2023.  The Defendant was present and able to participate in both hearings.  Defense counsel never raised any objection to the manner in which the Court conducted the proceedings.  Rather, Defendant waited until the third day of trial and five days after trial began, before filing a Motion for Mistrial.  Defense counsel never orally raised an objection to the Court's manner of conducting the proceedings prior to filing the Motion.

After Defendant filed the Motion, the Court requested that

9

Defense counsel raise any objection to the manner in which the Court conducted proceedings. The Court conducted numerous sidebars following March 20, 2023. Defense Counsel never objected to the manner in which the Court held any of the proceedings following March 16, 2023.

It is widely held that sidebar conferences in which the defendant's counsel participates without objection do not violate the right to a public trial. United States v. Salguero, 748 Fed. Appx. 109, 111 (9th Cir. 2018); see Rovinsky v. McKaskle, 722 F.2d 197, 201 (5th Cir. 1984).

Defense counsel acquiesced to the manner in which the Court conducted trial. Defendant never timely raised an objection to the Court's procedures in conducting the proceedings on March 15 and 16, 2023. Defendant waived raising any objection to his right to a public trial. United States v. Lii, 393 Fed. Appx. 498, 501 (9th Cir. 2010); see also Levine v. United States, 362 U.S. 610, 619 (1960) (explaining that the exclusion of the public cannot be "deemed contrary to the requirements of the Due Process Clause without a request having been made to the trial judge to open the courtroom")

## II. There Was No Violation Of The Defendant's Right To A Public Trial

Even if Defendant did not waive his objection, there was no violation of Defendant's right to a public trial.

### A.   The March 15, 2023 Inquiry With Jurors Did Not Violate Defendant's Right To A Public Trial

Brief, routine administrative matters that have no bearing on the defendant's guilt may be conducted in a closed courtroom because they are too trivial to implicate the values of the Sixth Amendment's right to a public trial. Peterson v. Williams, 85 F.3d 39, 42-43 (2d Cir. 1996); see Njonge v. Gilbert, 773 Fed. Appx. 1005, 1007 (9th Cir. 2019).

On March 15, 2023, prior to trial, the Court, in the presence of the Parties and the Defendant, inquired with jurors regarding allegations of misconduct. The proceeding had no bearing on Defendant's guilt. The proceeding was for a short period of time. The closure was too trivial to implicate Defendant's Sixth Amendment right to a public trial. The Ninth Circuit Court of Appeals has found that closure for a brief, non-public hearing related to juror selection is trivial for purposes of the Sixth Amendment and does not violate the right to a public trial. United States v. Murillo, 744 Fed. Appx. 378, 379 (9th Cir. 2018). This is especially true where the closed hearing is short, conducted in the presence of all the parties, and a contemporaneous record is made of the proceedings. Id.

The Parties, including the Defendant, were present for the hearing. The hearing was recorded by a court reporter, and the transcript will be made available to the public. The courtroom was closed for a brief period of time. The sealed hearing with Ms. May, Juror 8, and Alternate Juror 3 lasted approximately 17

minutes.  The courtroom was closed for approximately 37 minutes total.  The closure did not violate the Defendant's right to a public trial because the closure was too insignificant to violate the Defendant's Sixth Amendment rights.  <u>United States v. Ivester</u>, 316 F.3d 955, 960 (9th Cir. 2003); <u>see</u> <u>United States v. Rivera</u>, 682 F.3d, 1223, 1231 (9th Cir. 2012) (citing <u>Peterson</u>, 85 F.3d at 41)).

The Ninth Circuit Court of Appeals has ruled that a court questioning a juror in a closed proceeding does not violate a defendant's right to a public trial.  <u>Ivester</u>, 316 F.3d at 957-59.  The appellate court explained that it has long held that a trial judge could question a juror in chambers without the defendant or spectators without violating the constitution.  <u>Id.</u> at 959 (citing <u>United States v. Olano</u>, 62 F.3d 1180, 1190-91 (9th Cir. 1995); <u>Parker v. United States</u>, 404 F.2d 1193, 1197 (9th Cir. 1968)).  The Ninth Circuit Court of Appeals reasoned that there was similarly no constitutional violation when the court questioned the juror in a closed proceeding, stating "[b]ecause a trial judge may question a juror alone in chambers, without the public present, *a fortiori* the judge may do so with the parties and counsel present."  <u>Ivester</u>, 316 F.3d at 959.

In this case, the hearing was held in a sealed manner rather than at sidebar or in chambers in order to allow for social distancing given the recent outbreak of COVID-19 in the courthouse.  The right to public trial does not extend to hearings that may be conducted at sidebar or to chambers

12

conferences.  United States v. Gallman, 57 F.4th 112, 126 (3d Cir. 2023) (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 598 n.23 (1980) (Brennan, J., concurring in the judgment)); Wilder v. United States, 806 F.3d 653, 660-61 (1st Cir. 2015); see United States v. Constantinou, 634 Fed. Appx. 316, 317 (2d Cir. 2016).

The Court also closed the proceeding to protect the jurors from embarrassment.  See Press-Enter. Co. v. Superior Ct. of Cal., Riverside Cnty., 464 U.S. 501, 511-13 (1984).  Closing the courtroom for brief, for-cause challenges to jurors does not violate the right to a public trial.  United States v. Lee, 290 Fed. Appx. 977, 978 (9th Cir. 2008).

The March 15, 2023 closed proceeding did not violate Defendant's Sixth Amendment right to a public trial.

**B.    The March 16, 2023 Hearing With A Witness Regarding Fifth Amendment Rights Did Not Violate Defendant's Right To A Public Trial**

Just as the hearing on March 15, 2023, the proceeding on March 16, 2023 was held in the presence of Government counsel, Defense counsel, and the Defendant.  The proceeding was recorded by a court reporter and the transcript will be made publicly available.  The hearing was for a brief, administrative matter that was not related to Defendant's guilt.  The proceeding was a short, 13-minute proceeding with Mr. Torres.  The purpose of the proceeding was to inquire whether Mr. Torres had retained counsel.  The Court wanted to ensure that Mr. Torres understood

13

his Fifth Amendment rights prior to testifying.

Concern for the welfare of a witness is a substantial reason justifying the closure of a courtroom. United States v. Bow, 110 F.3d 70, *2 (9th Cir. 1997) (citing Sherlock, 962 F.2d at 1357). The Court held the hearing in a closed proceeding to avoid embarrassing the witness.  The Court did not want Mr. Torres to be publicly confronted with an allegation that he may be criminally culpable for the theft of $400,000.  The Court also held the hearing in a closed proceeding to allow for social distancing given the recent outbreak of COVID-19 in the courthouse.

Defendant has not demonstrated that the March 16, 2023 closed proceeding violated his Sixth Amendment right to a public trial.  Other courts have similarly ruled that there is no violation of a public right to trial when the court holds a sealed hearing to make an inquiry into whether a witness would refuse to testify or when the court considers an offer of proof for evidence. Smith v. Titus, 958 F.3d 687, 693 (8th Cir. 2020) (citing State v. Reed, 352 P.3d 530, 542 (Kan. 2015) and United States v. Vazquez-Botet, 532 F.3d 37, 51-52 (1st Cir. 2008)).

Both closures were for brief, administrative matters that did not involve evidence, did not implicate the values served by the public trial right, and were held outside the presence of the jury. Ivester, 316 F.3d at 960; see Murillo, 744 Fed. Appx. at 379.  There was no Sixth Amendment violation.

**CONCLUSION**

Defendant's Motion for a Mistrial (ECF No. 103) is **DENIED**.

DATED: April 14, 2023, Honolulu, Hawaii.

IT IS SO ORDERED.



Helen Gillmor
United States District Judge